WILLIAM GARDNER and wife and others v. A. G. ANDERSON.

*Practice—Probate of Wills—Jurisdiction.*

1. An application to the Probate Court to incorporate into the record of a will an agreement between the executor and the other parties interested under it, that the former, in consideration of a promise by the latter to forbear resisting the probate thereof, would pay certain legacies and a sum additional, which should be a charge on the land of the testator, is irregular.

2. The Probate Court has jurisdiction of claims for legacies, but not of claims founded on contract.

SPECIAL PROCEEDING commenced in the Probate Court and upon issue joined transferred to and heard at Spring Term, 1878, of BUNCOMBE Superior Court, before *Cloud, J.*

The plaintiffs alleged that William Anderson died in

1856 leaving a last will and testament appointing the defendant his executor, and that they and the defendant are devisees and legatees under the will; they resisted the admission of the will to probate, and thereupon the defendant agreed that if the plaintiffs would allow him to prove the will, he would pay them the legacies named therein, together with the additional sum of six hundred dollars; and that a record of said agreement should be made with the will and become a part thereof; that in pursuance thereof a paper writing was signed by the parties, and the said sum was to bind the lands devised to defendant as effectually as the legacies named in the will, but that said agreement was never recorded; that they have demanded payment of said sum, and also payment of said legacies, which defendant has refused; wherefore the plaintiffs ask for an order to correct the record of the probate of said will and to record said agreement as a part of the same; for a judgment for $600 and interest and a decree subjecting the land to the payment of legacies, &c.

The defendant in his answer alleged among other things that the plaintiffs did not resist the probate of the will, but agreed to pay them five hundred dollars and the legacies mentioned in the will, which was accepted but never reduced to writing; that said sum was not to be a lien on the land as alleged, but this defendant in consideration of the same was to have his mother's dower in the land, and the use of the household furniture, &c., during her life; and denies that there was any written agreement between them in the premises.

There was judgment in the Probate Court according to plaintiffs' demand, and His Honor gave judgment for the amount of the legacies due the plaintiffs, and the defendant appealed.

No counsel for plaintiffs.

*Mr. J. H. Merrimon,* for defendant.

READE, J. It may be that an action may be maintained for a breach of the agreement to pay $600 for forbearing to resist the probate of the will, but the idea of incorporating the agreement into the will as a part of it, is novel and absurd. Nor had the Probate Court jurisdiction to hear and determine a complaint for that cause. The Probate Court ought therefore to have dismissed that part of the complaint, and proceeded to consider the claim for the legacy of which it had jurisdiction. But instead of that, it proceeded to give judgment for the legacy and for the $600 besides.

The record does not state what issues were sent to the Superior Court in term time, but we suppose it was the question of jurisdiction of the Probate Court. Whatever it was, it ought to have been passed upon and then sent back to the Probate Court with instruction to proceed to decree as to the legacy; but instead of that His Honor proceeded to decree as to the legacy. This was error.

Error.

PER CURIAM.　　　　　　　　　　Judgment reversed.